IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER FULCO,<br><br>Defendant. | Cause No. CR 19-21-BU-DWM<br><br><br>ORDER |

Defendant Fulco moves the Court to reduce the sentence under 18 U.S.C. § 3582(c)(1)(A). He is currently serving a 36-month sentence for mail fraud, money laundering, and securities fraud. *See* Judgment (Doc. 45). His projected release date is August 7, 2023. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Nov. 3, 2021).

On August 23, 2021, the Court appointed counsel to represent Fulco. *See* Order (Doc. 52). Counsel filed a supplemental motion. The United States stands on its response to Fulco's original motion. *See* Supp. Resp. (Doc. 57) at 2.

**I. Legal Framework**

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce a sentence if "extraordinary and compelling reasons warrant such a

1

reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). The guideline, however, has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. The Ninth Circuit holds that district courts may take U.S.S.G. § 1B1.13 into account, but it is binding only when the Director has filed the motion. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *see also Bryant v. United States*, No. 20-1732 (U.S. pet. for cert. filed June 10, 2021).

Pertinent factors under § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and provide restitution to victims. *See id*. § 3553(a)(4), (6)–(7).

## II. Discussion

Fulco's motion for release is predicated on his medical conditions' making him more vulnerable to severe illness if he contracts COVID-19 and on his dissatisfaction with the Bureau of Prisons' control measures at FPC Lewisburg. *See* Mot. (Doc. 50) at 2; Reply (Doc. 53) at 2.

Fulco, who is now 45 years old, was sentenced on November 5, 2020. *See* Minutes (Doc. 44). At that time, the Court knew of his serious breathing issues, which surgery had failed to correct, and acknowledged that his sleep issues and asthma, as well as his old gunshot wound, "are facts that bear on COVID-related concerns." Statement of Reasons (Doc. 46) at 4 § VIII; *see also id.* at 1 § I(B)(4); Presentence Report (Doc. 47) ¶ 111–113. With his motion, Fulco provides a partial medical record listing his current conditions as asthma, obesity, chronic obstructive pulmonary disorder, hyperlipidemia, and prediabetes. *See* Med. Record (Doc. 50-1) at 1. These conditions place him at greater risk of developing severe illness should he contract COVID-19, and "[t]he risk of severe COVID-19 increases as the number of underlying medical conditions increases in a person." Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 14, 2021, and accessed Nov. 3, 2021). But

3

Fulco does not show he is significantly more vulnerable to COVID-19 now than he was at the time of sentencing. His medical record also demonstrates medical staff are monitoring him and helping him to manage them his conditions. *See id*. at 3.

Fulco also fails to show that BOP staff, at Lewisburg or in general, are not adequately protecting inmates or are engaging in "intentional life endangerment." Mot. (Doc. 50) at 2. (Fulco is now incarcerated at FCI Petersburg Low in Virginia.) Judicial opinions referring to a lack of testing, *see* Def. Ex. G (Doc. 50-1 at 11), do not establish that adequate testing would prove BOP staff incompetent. They are subject to as many slips and shortfalls in protocol-compliance as anyone else.

Fulco fails to meet his burden of showing an extraordinary and compelling reason to reduce his sentence. A sentence reduction is not authorized. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

Accordingly, IT IS ORDERED that Fulco's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 50, 56) is DENIED.

DATED this 4th day of November, 2021.

Donald W. Molloy. District Judge
United States District Court